# IN THE COURT OF APPEALS OF IOWA

No. 20-1515
Filed April 14, 2021

**IN THE INTEREST OF L.M.,**
**Minor Child,**

**M.S.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Wapello County, William Owens, Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Mary Baird Krafka of Krafka Law Office, Ottumwa, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Michael Fisher of Fisher Law Office, Ottumwa, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

The mother of L.M., born in August 2008, appeals the termination of her parental rights. Agreeing with the juvenile court that the mother remains unable to provide for this child's needs after more than sixteen months of offered services, we affirm the juvenile court's decision.[1]

"We review termination of parental rights proceedings de novo." *In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020). "While we are not bound by the juvenile court's factual findings, we accord them weight, especially in assessing witness credibility." *Id.* "'[O]ur fundamental concern' on review 'is the child's best interests.'" *Id.* (alteration in original) (quoting *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014)).

The family came to the attention of the Iowa Department of Human Services (DHS) in January 2019. There were concerns the mother was actively using methamphetamine and leaving L.M., then ten years old, alone for days at a time. After several months of unsuccessful attempts to work with the mother, the State filed an application for temporary removal of L.M. On June 6, 2019, the juvenile court granted the application. After an adjudicatory hearing on July 23, the juvenile court found L.M. to be a child in need of assistance (CINA). DHS continued to offer services to the mother, but when she made little progress, the State sought to terminate her parental rights. At the termination hearing held on October 27, 2020, a DHS worker testified for the State and the mother testified on her own behalf. A number of exhibits were offered and admitted into the record. The court

---

[1] The father's parental rights were also terminated; he does not appeal.

concluded the State proved by clear and convincing evidence that the mother's parental rights should be terminated under Iowa Code section 232.116(1)(e) and (f) (2020).

On appeal, the mother does not claim the grounds for termination were not met, so we do not address them. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating "we do not have to discuss" the statutory grounds for termination when the parent does not dispute them). Rather, the mother asserts the juvenile court should have (1) granted her an additional six months to work for reunification, (2) formalized the relative placement into a guardianship, and (3) determined it was not in the child's best interests to terminate the mother's parental rights.

Iowa Code section 232.104(2)(b) allows for a six -month continuation of the dispositional order, but only if the court determines that the need for removal will likely no longer exist at the end of the additional time because "if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting *In re A.C.*, 415 N.W.2d 609, 613–14 (Iowa 1987)). A hair-analysis drug test performed on the mother on February 10, 2019, was positive for methamphetamine, amphetamines, and hydrocodone. A child abuse report, filed April 16, 2019, was founded against the mother for dangerous substances. A substance-abuse evaluation was completed in October 2019, but the mother failed to follow through with the treatment recommendations. As the DHS worker testified, she saw "no incentive, no motivation on [the mother's] part to participate, cooperate, complete any of the court recommendations." We agree; the lack of

progress shown by the mother supports the juvenile court's determination that L.M. could not be safely returned to the mother's home even with an extension of time.

The mother next asserts the court should have established a guardianship for L.M. rather than grant the termination. *See* Iowa Code § 232.116(3)(a) (providing the court need not terminate "[i]f a relative has legal custody of the child"). L.M.'s adult sister, who has temporary legal custody of L.M., has been willing to assume care for him for nearly the entire time since removal. L.M. is bonded with his adult sister, integrated into her home, and safe. L.M.'s sister is seeking to formally adopt her little brother. The juvenile court found the mother had "not presented a compelling reason why this is an exceptional case warranting establishment of a guardianship instead of termination" and L.M. "is a child in need of permanency and the best way for that to be established is through termination and adoption." We agree. *See In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) ("[A] guardianship is not a legally preferable alternative to termination." (quoting *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017))).

The mother also claims DHS failed to consult L.M. as to his wishes, arguing it was a "blatant disregard for this 12-year-old's rights" and not in his best interests. *See* Iowa Code § 232.116(2) (directing the court to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child"), (3)(b) (providing the court need not terminate "[i]f the child is over ten years of age and objects to the termination"). The DHS worker testified L.M. was angry with the mother when he was first removed, but after some sixteen months since removal, "[h]e doesn't really want to talk about it anymore. I think the anger

is gone, and I think the acceptance has set in." The juvenile court concluded in an Iowa Rule of Civil Procedure 1.904(2) ruling, "[T]hough he was not specifically asked regarding his position on the termination of his [mother's] parental rights no credible evidence was presented by any party to support a claim the child objects to termination." The mother failed to meet her burden to establish an exception to termination. *See A.S.*, 906 N.W.2d at 476. L.M.'s guardian ad litem supported termination. We agree with the juvenile court's determination that L.M. is integrated into his sister's home, in need of permanency, and termination is in his best interests. We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**